UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-21433-BB

NERYN CASTRO,

    Plaintiff,

vs.

BM ROOFING LLC.,
and BORELY MARTINEZ,

    Defendants.
_____/

**<u>RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT (ECF NO. [12]) FOR LACK OF SUBJECT
MATTER JURISDICTION AND FAILURE TO STATE A CLAIM, OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT</u>**

Plaintiff, NERYN CASTRO ("Plaintiff"), by and through undersigned counsel, hereby opposes the Motion to Dismiss filed by Defendants, BM ROOFING LLC. and BORELY MARTINEZ (collectively, "Defendants"), and in support states as follows:

1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. At bar, Defendants move for dismissal on the grounds that Plaintiff has not sufficiently pled the existence of enterprise coverage, or alternatively for summary judgment on the grounds that Plaintiff cannot prove the existence of enterprise coverage.[1]

3. In response, however, Plaintiff respectfully submits that Defendants' calls for a heightened pleadings standard for FLSA claims and enterprise coverage is unjustified at this stage of litigation.

---

[1] Plaintiff is not claiming individual coverage under the FLSA.

Furthermore, Defendants' request for entry of summary judgment is premature before discovery has commenced.

4. For these reasons, and as set forth fully below, Defendants' Motion must be DENIED.

## MEMORANDUM OF LAW

**A.     Applicable Legal Standards**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading requirements of Federal Rules 8 and 12 have been articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Ashcroft* and *Twombly*, the Supreme Court "raised the bar for pleading requirements beyond the old 'no-set-of-facts' standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that prevailed for the last few decades." In doing so, however, it "did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007). Instead, "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, **not an exposition of [] legal argument[s]**." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (emphasis added).

On a motion to dismiss, the court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Dismissal is appropriate **only** where

plaintiff has failed to provide some basis for the allegations that support the elements of his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face").

Furthermore, the *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as it relates to the Sherman Act. Neither case dealt with the pleading standards as it relates to the Fair Labor Standards Act. In fact, the Eleventh Circuit interpreting the *Twombly* standard in relation to Fair Labor Standard Act cases stated as follows:

> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that *Labbe* failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, **the requirements to state a claim of a FLSA violation are quite straightforward.** The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. See 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. See *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred).

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (emphasis added).

The basic premise in the Supreme Court decisions in both *Twombly* and *Iqbal* is that these cases dealt with complex issues such as the Sherman Act and a *Bivens* action which are very fact specific and not straightforward therefore requiring substantial facts to be placed in a complaint. However, as stated above, FLSA cases are straightforward and do not, as such, require the substantial facts necessary to plead claims under the Sherman Act or in a *Bivens* action.

Numerous courts in the Southern District of Florida have adopted or otherwise agreed with the "straight forward" pleading standard espoused in *Labbe*. *See, e.g., Perez v. Trust Security Services, Inc*., Case No. 15-cv-21203 (S.D. Fla. June 8, 2015) (King, J.); *Pardue v. Specialty Engineering Consultants, Inc*., Case No. 14-81143-civ (S.D. Fla. February 10, 2015) (Marra, J.); *Ceant v. Aventura Limousine & Transp. Service*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (Scola, J.) ("To be clear, the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage. Courts have rejected these arguments before."); *Mitial v. Pepper Snapple Group*, Case No. 11-81172-civ (S.D. Fla. June 29, 2012) (Marra, J.) ("the Court rejects Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay… At this stage of the proceeding, no more is required."); *Anish v. National Securities Corp.,* No. 10-80330-civ, 2010 WL 4065433, *2 (S.D. Fla. Oct. 15, 2010).

Moreover, even though some courts in this district that have generally rejected the proposition that *Labbe* expressly creates an alternative or otherwise relaxed pleading standard under the FLSA, those same courts still routinely find that simple, straightforward allegations are sufficient. *See, e.g., Baide v. Sunsof, Inc*., Case No. 14-22255-civ (S.D. Fla. October 7, 2014)

(declining to follow *Labbe*, but also finding that pleading dates and the amount of unpaid hours worked was sufficient to meet the *Iqbal* and *Twombly* standards); *Diaz v. U.S. Century Bank,* No. 12-21224, 2012 WL 3597510, n.1 (S.D. Fla. Aug. 20, 2012) (declining to follow *Labbe*, though finding that the plaintiffs had alleged sufficient facts to establish an employment relationship under the FLSA).

### B.     Plaintiff Has Sufficiently Pled Coverage under the FLSA.

As a preliminary matter, Plaintiff notes that in recent years it has become increasingly difficult to accurately gauge what is required to sufficiently plead a claim under the FLSA, and, more specifically, coverage under the FLSA. Indeed, Plaintiff acknowledges the existence of cases which demand that employees "set forth the exact nature" of their employers' business, and explain in detail how that business and the employees' work is connected to interstate commerce, and "provide facts sufficient for the Court to distinguish between goods and materials." *See Villafana v. Our Children's Planet Corp.*, No. CV 15-23432-CIV, 2016 WL 3470013, at *3 (S.D. Fla. Mar. 24, 2016).

Yet, there simultaneously exists numerous cases which hold true to the precept that, to properly allege FLSA coverage, a plaintiff "need not do much." *See, e.g., Gonzalez v. Unidad of Miami Beach, Inc.,* 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA"); *Schlinsky v. Action Video Prods., Inc.,* 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL,* 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (Moore, J.) (FLSA coverage adequately pled by allegations that the employer engages in interstate

commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business).

In consideration of the foregoing, Plaintiff respectfully suggests that case like *Villafana* and others cited by Defendants have steadily departed from the minimal pleading standards required by the Federal Rules of Civil Procedure. In making this assertion, Plaintiff reiterates that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the **reasonable inference** that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). In consideration, then, of this "reasonable inference" guideline, Plaintiff submits that detailed allegations regarding the nature of Defendants' business, Plaintiff's job duties, and specific goods or materials are not necessary where Plaintiff has generally alleged (1) that the annual sales volume requirement has been met, and (2) where two or more employees have engaged in some activity that relates to interstate commerce. *See, e.g., Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1294 (S.D. Fla. 2014) ("The Court finds it reasonable to infer that, [] goods or materials used in Tapas & Tintos moved in interstate commerce before they were delivered to the restaurant"); *Thompson v. Robinson, Inc.*, No. 06-771, 2007 U.S. Dist. LEXIS 68445, at *12 (M.D. Fla. Sept. 15, 2007) (reasonable to infer that varied items delivered to restaurant had moved in interstate commerce).

Such reasonable inferences regarding interstate commerce are further supported in that many courts have suggested that nearly every business that grosses $500,000 is covered under the FLSA. This is because almost every business with two or more employees, regularly "handles" materials that have moved in interstate commerce—much more so today than when the FLSA was

enacted or amended in 1974. This is simply attributed to the logical reasoning that the accessibility of commerce today is greater than at any other point in our history. As such, many courts have made said statements concluding that when the $500,000 prong is met, it is likely that said corporation is an enterprise covered under the FLSA. In *Galdames v. N & D Inv. Corp.*, for example, the court opined as follows:

> It is notable how many courts in the past three-and-a-half decades have concluded that virtually any enterprise that meets the statutory annual gross sales requirement is subject to the FLSA. *See, e.g., Dunlop v. Indust. America Corp.*, 516 F.2d 498, 500-02 (5th Cir. 1975) (referring to the 1961 expansion, and noting "[t]his change extended coverage to businesses with employees engaged in handling or utilizing goods after they had ceased the interstate portion of their movement. This approach reached those nearer the end of the chain of distribution, e. g., retail and service establishments whose businesses were otherwise local in character."); *Archie v. Grand Cent. Partnership, Inc.*, 997 F.Supp. 504, 530 (S.D.N.Y. 1998) ("The bill also adds the word 'or materials' after the word 'goods' to make clear the Congressional intent to include within this additional basis of coverage the handling of goods consumed in the employer's business, as, e.g., the soap used by a laundry. . . . Since 1974, courts facing the issue presented here have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce."); *Dole v. Bishop*, 740 F. Supp. 1221, 1225-26 (S.D. Miss.1990) ("[P]ursuant to a 1974 amendment, . . . in order for an enterprise to be engaged in commerce, it must have employees 'handling, selling, or otherwise working on goods or materials' that have moved in interstate commerce. This amendment adding the words 'or materials' leads to the result that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.") (internal citation and emphasis omitted); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 8:07-cv-2359-T23TGW, 2008 U.S. Dist. LEXIS 23007, 2008 WL 793660, at *1 (M.D. Fla. Mar. 24, 2008) ("[E]nterprise coverage embraces virtually every business whose annual gross volume of sales or business is $500,000 or more").

*Galdames*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008) (collecting cases).

In support of the foregoing, and in addition to other cases cited above, courts within this jurisdiction routinely deny motions to dismiss where plaintiffs have made simple and straightforward allegations regarding unpaid overtime claims and FLSA coverage. *Mitial v. Pepper Snapple Group* is instructive:

> Here, [the plaintiff] has alleged that he was an employee covered by the FLSA who worked for Defendants, that Defendants failed to pay him time-and-a-half wages for his overtime hours, and that Defendant was an enterprise engaged in interstate commerce. These allegations are sufficient to give Defendant "fair notice of what the… claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555,and thus are sufficiently pled. The Court rejects Defendants' arguments that additional elements for stating a FLSA claim are required.
>
> In so holding, the Court rejects Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation… under FLSA does not require more." *Secretary of Labor v. Labbe,* 319 F. App'x 761, 764 (11th Cir. 2008). At this stage of the proceeding, no more is required. *Id.; see also Dobbins v. Scriptfleet, Inc.,* No. 11-cv-1923, 2012 WL 601145, *2 (M.D. Fla. Feb. 23, 2012) (denying motion to dismiss while being mindful of the "straightforward" FLSA pleading requirements required by 11th Circuit precedent, *Labbe*); *Spigner v. Lessors, Inc.,* No. 11-cv-420, 2011 WL 1466282, at *2 (M.D. Fla. Apr.18, 2011) (same). To the extent that Defendant seeks Plaintiff's (and potential collective-action members') exact hours, discovery can provide Defendants with such data and the lack of this information is not grounds for dismissal at this initial pleading stage.

*Mitial,* Case No. 11-81172-civ-MARRA (S.D. Fla. June 29, 2012).

> *Duarte v. Maldonado Brothers, Inc.* is another example:
>
> In the Third Amended Complaint, Plaintiffs assert Auto Wax and the Dealer Defendants were enterprises engaged in interstate commerce. Specifically, Plaintiffs allege Defendants had two or more employees, the requisite $500,000 per year in annual gross sales, and regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA. *See* Third Amended Compl. ¶ 2,3. In addition, Plaintiffs allege that they "on a regular and recurrent basis personally handled automotive cleaning, and maintenance products, as well as automobiles originating from outside the state of Florida, as part of their usual job duties. . . ." Third Amended Complaint ¶ 4. Although Plaintiffs' original complaint lacked sufficient allegations regarding enterprise coverage, the Court finds that Plaintiffs have adequately alleged enterprise coverage under the FLSA. *See Leon v. Tapas & Tintos, Inc.,* No. 14-CV-21133, 2014 WL 5032435 *4 (S.D.Fla. Oct. 7, 2014)(holding that where plaintiffs (dishwashers) alleged they handled goods and materials moved in interstate commerce before they were delivered to the restaurant, FLSA enterprise coverage satisfied).

*Duarte,* Case No. 13-80552-CIV-GAYLES (S.D. Fla. December 1, 2014).

And finally, *O'Hara v. Licciardello's Sanitation Services, Inc.*:

> Plaintiffs allege that Defendant was "an organization which sells and and/or markets or transports and/or provides services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum." (Doc. 1, ¶ 6). Plaintiffs further allege that Defendant was an enterprise engaged in commerce or in the production of goods for commerce, and that the Plaintiffs were individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of 29 U.S.C. § § 203(r) and 203(s). (Doc. 1, ¶ 7). With these allegations, Plaintiffs have sufficiently satisfied the [coverage] element of their FLSA claims.

*O'Hara,* Case No. 5:16-cv-272-Oc-34PRL. (M.D. Fla. July 22, 2016).

Consistent with this framework, courts have further maintained that "[a]lthough bare bone allegations are acceptable for 'enterprise' coverage... the most salient element of an 'enterprise' allegation will be the amount of business a defendant does." *Vierra v. Sage Dining Servs., Inc.,* 2010 WL 4867557, at *3 (M.D. Fla. 2010) (quotations omitted). To that end, pleading the annual revenue requirement demands no more than making the affirmative statement that the requirement is satisfied. Judge Scola has explained it well:

> The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. Defendants contend that dismissal is required because Ceant's former counsel "cannot state that [Aventura Limousine] for sure has gross revenues that exceed $500,000 annually." Mot. at 7. Plainly, Ceant need not know for certain, nor prove, that Aventura Limousine has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his. *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 2008 WL 793660, at *2 (M.D.Fla. Mar. 24, 2008) (Merryday, J.) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [] such information") (citation omitted). Here, Ceant has alleged that Aventura Limousine's gross annual revenues meet this threshold on "information and belief," and that is enough. *See Dobbins v. Scriptfleet, Inc.,* 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); *Roberts,* 2010 WL 114001, at *3 (allegation that plaintiff "was of the belief that [defendant] grossed in excess of

> $500,000 annually" was sufficient to withstand dismissal); *cf. Vierra v. Sage Dining Servs., Inc.,* 2010 WL 4867557, at *3 (M.D.Fla. Nov. 23, 2010) (Hernandez Covington, J.) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000."). If such allegation is false, Aventura Limousine may use the information in its possession to obtain early summary judgment on this issue. *See Roberts,* 2010 WL 114001, at *3 ("These issues, especially the extent of [defendant's] gross sales, are issues more appropriately determined at the summary judgment stage.").

*Ceant v. Aventura Limousine & Transp. Service*, 874 F. Supp. 2d 1373, 1378-79 (S.D. Fla. 2012).

In this context, the facts stated in Plaintiff's Complaint are more than sufficient to place Defendants on notice of Plaintiff's assertion of coverage in this case. Indeed, Defendants themselves are in a better position to have the facts and information which establish that they are subject to coverage under the FLSA. In other words, taking the position that a complaint should be dismissed because it did not describe in detail the nature of an employer's business—of which the employer is clearly aware—does nothing to move the case forward, and serves only to cause unnecessary delay. For these reasons, Defendants' Motion to Dismiss must be **DENIED** in its entirety.

### C.  The Documents Attached To Defendants' Motion Should Not Be Considered By This Court At The Pleading Stage.

Defendants go to great lengths to support their motion with extraneous exhibits; yet these documents fail to meet the requisite criteria to be considered on a motion to dismiss. Defendants seemingly assume that *any* documents can be attached to a motion to dismiss without regard for their relevance or authenticity, but this is clearly not the case.

For example, in holding that certain attached documents can be considered on a motion to dismiss, the court in *Reynolds v. Gables Residential Services, Inc.*, 428 F. Supp. 2d 1260 (M.D. Fla. 2006), expressly stated that "the primary consideration of this Court in evaluating the efficacy of [the defendant's] exhibits to its motion to dismiss is whether or not the documents are referred

to in the plaintiff's complaint, are central or integral to the plaintiff's claim, and undisputed." *Reynolds*, 428 F. Supp. 2d at 1263 (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1281 (11th Cir.1999)). Defendants conveniently ignore this statement of the actual legal standards—ostensibly because acknowledging it would have been fatal to the instant relief they seek. In light of this analytical framework, however, it becomes clear that the documents at issue here exceed the scope of what may be considered at this time.

In *Bryant*, the Eleventh Circuit expounds on some of the reasoning behind this doctrine which is instructive to the case at bar:

> Other courts have allowed authentic documents, whether or not filed with the SEC, to be considered on a motion to dismiss if they are referred to in the plaintiff's complaint and are central, or integral, to his claim. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994); *Cortec Indus., Inc.,* 949 F.2d at 47-48 (2d Cir.1991); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993); *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (1st Cir.1991). The Ninth Circuit calls this practice the incorporation by reference doctrine. *See In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970 (9th Cir.1999) (citing *Branch,* 14 F.3d at 454). In expressly approving of the doctrine in *Branch,* the Ninth Circuit, quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil 2d § 1327, at 762-63, (2d ed.1990), stated that "`when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading'," *Branch,* 14 F.3d at 454. Fed. R. Civ. P. 10(c) is the purported foundation for the defendant's ability to force the court to consider the attachments at the motion to dismiss stage, because pursuant to 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Thus, the rationale is that when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document, and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment. In short, the theory is that such a document is not "outside the pleadings," and thus it may be considered at the 12(b)(6) stage without a transformation into the summary judgment posture, as Rule 12(b) only requires conversion when documents "outside the pleadings" are considered. Therefore, if a document is deemed so central to the claim so as not to be "outside the pleadings," then it may be considered on a motion to dismiss without giving the other the 10-day notice that is necessary when matters outside the pleadings are considered. The underlying premise of the doctrine seems to be that if the document was indeed so central to

> the claim that it served as a basis for the complaint, then plaintiffs must have already been aware of it, and thus do not need the protection of the 10-day notice period.

*Bryant,* 187 F.3d at 1281 n. 16.

These documents proffered by Defendants are not referred to in Plaintiff's Complaint and they are not undisputed. Indeed, Plaintiff has had no opportunity to review or authenticate these documents within the proper context of discovery, and he cannot agree that the information contained therein is true or accurate. In other words, Defendants have failed to meet their burden in demonstrating that these documents can be properly considered at this early stage of litigation.

Without the support of this evidence, Defendants are left with no more than the mere arguments of counsel—which are not properly considered in support of a motion to dismiss. *See US ex rel. Chabot v. MLU Services, Inc.*, 544 F. Supp. 2d 1326, n. 1 (M.D. Fla. 2008) (declining to consider statements made in the defendant's motion to dismiss as evidence in support of the motion); *see also United States v. Camejo,* 929 F.2d 610, 617 (11th Cir.), *cert. denied,* 112 S. Ct. 228, 116 L.Ed.2d 185 (1991); *United States v. Smith,* 918 F.2d 1551, 1562 (11th Cir.1990); *United States v. Rojas,* 731 F.2d 707, 710 (11th Cir.1984). As such, Defendants' Motion to Dismiss must be **<u>DENIED</u>**.

**D.    The Court Has Subject Matter Jurisdiction Over Plaintiff's Claims, and Consideration of Defendants' Motion Under Other Standards Is Premature.**

Even if the Court were to consider the non-pleading evidence submitted by Defendants, dismissal would still not be appropriate under applicable legal standards. As mentioned previously, Defendants have cited Fed. R. Civ. P. 12(b)(1) as the only basis on which they seek dismissal. Rule 12(b)(1) challenges to a court's subject matter jurisdiction come in two forms: facial attacks or factual attacks:

> "Facial attacks" on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the

> allegations in his complaint are taken as true for the purposes of the motion. "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

*Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990) (internal alteration, quotation marks, and citations omitted). Given their reliance on an affidavit and financial records to establish the pertinent facts, Defendants' motion to dismiss factually challenges the Court's subject matter jurisdiction. *See id.*

The arguments Defendants raise here are identical to the arguments rejected in a Middle District of Florida case, *Rodriguez v. Myrmidones LLC*, Case No. 8:14-cv-618-T-24-TBM (M.D. Fla. May 5, 2014). In *Rodriguez*, the defendants filed a 12(b)(1) motion to dismiss, supported by an affidavit, arguing that the court lacked subject matter jurisdiction because Defendants were not an enterprise covered by the FLSA. In ultimately denying the motion to dismiss, the court first addressed the defendants' jurisdictional challenge under Rule 12(b)(1) and then turned to whether dismissal was proper under Rule 12(b)(6) or Rule 56.

First, the *Rodriguez* court found that the defendants' jurisdictional argument was "unavailing in light of the United States Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)." In *Arbaugh*, the Supreme Court held that Title VII's numerosity requirement—that a covered employer must have at least 15 employees—was not a prerequisite to subject matter jurisdiction; rather, it was an element of the Title VII claim. Importantly, since then, courts in the Southern District of Florida have applied the reasoning of *Arbaugh* to find that an employee's FLSA coverage is merely an element of, not a jurisdictional prerequisite to, the employee's FLSA claim. *See Hernandez v. Art Deco Supermarket,* 2013 WL 5532828 (S.D. Fla. Oct. 4, 2013); *Obando v. M & E Inv. Properties, Inc.,* 2011 WL 4387238, at *4 n.2 (S.D. Fla. Sept. 20, 2011). "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a

plaintiffs need and ability to prove the defendant bound by the federal law asserted as the predicate for relief-a merits-related determination."*Arbaugh,* 546 U.S. at 511.

After rejecting the subject matter jurisdiction argument, the *Rodriguez* court then considered whether dismissal would be appropriate under Rule 12(b)(6) or Rule 56. While conceding that a 12(b)(1) motion to dismiss can also be considered under 12(b)(6) standards, the court in Rodriguez ultimately deferred to Eleventh Circuit precedent indicating that "the question of a plaintiff's FLSA coverage should be resolved under Rule 56's summary judgment standard." (citing *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 880 (11th Cir. 2008)). From there, *Rodriguez* reasoned that, "[a]t this extremely early stage of the proceedings," it should decline to consider the defendants' motion as one for summary judgment because the plaintiff had no opportunity to conduct discovery on the coverage issue. (citing *Dawkins v. Picolata Produce Farms, Inc.,* 2005 WL 3054054, at *2 (M.D. Fla. Nov. 15, 2005); *Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841, 843 (11th Cir. 1989) ("As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.); *Naeyaert v. E. Coast Pulmonary & Critical Care Assocs., Inc.*, 2010 WL 3942906, at **1-3 (M.D. Fla. Oct. 5, 2010) (denying the defendants' request to consider their Rule 12(b)(1) motion for lack of FLSA coverage under Rule 56 as premature)).

The same reasoning as was applied in *Rodriguez* is well applied to the case at bar and should lead to the same result. The simple fact of whether Defendants' had more than $500,000 of business done during the applicable time period is merely an element of Plaintiff's claim which has been adequately pled. Defendants' denial of that fact does nothing to deprive this Court of jurisdiction to hear this case. Similarly, the Court's consideration of Defendants' evidence under summary judgment standards would be premature and would preclude Plaintiff from being able to

conduct meaningful discovery on the coverage issue—or any other issue in this case. For these reasons, Defendants' Motion to Dismiss must be **DENIED** in its entirety.

Dated July 3, 2024                                              Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jocelyn R. Rocha, Esq.
MOISES | GROSS
999 Ponce de Leon Blvd., Suite 945
Coral Gables, FL 33134
T: (305) 306-3055
F: (305) 907-5319
Primary: service@moisesgross.com
Secondary: jrocha@moisesgross.com
Tertiary: mcerrato@moisesgross.com

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No.: 24223