UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-21433-BB

NERYN CASTRO,

    Plaintiff,

vs.

BM ROOFING LLC.,
and BORELY MARTINEZ,

    Defendants.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANTS' FIRST MOTION FOR SANCTIONS AGAINST NERYN CASTRO, ELVIS J. ADAN, ESQ., AND GALLARDO LAW OFFICE, P.A. PURSUANT TO FED. R. CIV. P. 11**

Plaintiff, NERYN CASTRO, and ELVIS J. ADAN, ESQ., and GALLARDO LAW OFFICE, P.A. (collectively, "Plaintiff"), hereby oppose the Motion for Sanctions filed by Defendants, BM ROOFING LLC. and BORELY MARTINEZ (collectively, "Defendants"), and in support states as follows:

    1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

    2. At bar, Defendants move for sanctions under Fed. R. Civ. P. 11 on the purely factual grounds that (1) they are not covered by the FLSA, and (2) that Plaintiff never worked overtime.

    3. In doing so, Defendants ignore well-established legal standards and attempt to use this motion for the improper purpose of end-running around the litigation process. Indeed, Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11

advisory committee's note to 1993 amendment. The advisory committee notes also indicate that Rule 11 motions should not "be prepared to emphasize the merits of a party's position." *Id*.

4. Defendants have already moved for dismissal under applicable pleading rules, and alternatively summary judgment. Those motions—to which Plaintiff has already responded—and which are clearly due to be denied at this early stage of litigation, are predicated on the exact same arguments of counsel and "evidence" proffered here. Tellingly, it is Defendants who are unnecessarily multiplying these proceedings with frivolous motion practice, and they should be sanctioned accordingly. Moreover, even if the court overlooks the improper procedure, Defendants' substantive arguments are also plainly without merit.

5. *First*, Defendants and their counsel have repeatedly displayed a complete misapprehension of enterprise coverage under the FLSA. Notably, despite claiming to be a "small" business, Defendants have never denied that they meet the $500,000 annual gross sales requirement for enterprise coverage under the FLSA. To wit, "[i]t is notable how many courts in the past three-and-a-half decades have concluded that virtually any enterprise that meets the statutory annual gross sales requirement is subject to the FLSA." *Galdames v. N & D Inv. Corp.*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008) (collecting cases).

6. This is because almost every business with two or more employees regularly "handles" materials that have moved in interstate commerce. It would certainly strain the judicial imagination to believe that Defendants, who are in the business of roofing and construction, use only materials—power tools; hammers and nails; paper, pens, and pencils; computers; vehicles; shingles, tiles, and other roofing materials, etc.—which have been manufactured in the state of Florida. Defendants seem to think that as long as they *buy* these items in the state of Florida, they are absolved from the requirements of the FLSA.

7. But the case law clearly instructs otherwise. This "coming to rest" doctrine on which Defendants rely was squarely rejected by the Eleventh Circuit in *Polycarpe v. E&S Landscaping Serv., Inc.*: "So, if a district court, ruling for a Defendant, applied the 'coming to rest' doctrine — for instance, by looking at where Defendant bought an item instead of where an item was produced, we must vacate the judgment for the Defendant if there is a question about where the 'goods' or 'materials' were produced or where they have moved." 616 F.3d 1217, 1221 (11th Cir. 2010).

8. **<u>Second</u>**, Defendants have improperly conflated *pay* records with *time* records. Indeed, the records relied on by Defendants are explicitly titled "Payroll Register" and purportedly generated by a company called "Quickpay Payroll." *See* ECF No. 26-4. In other words, even if these records were true—a fact which Plaintiff presently disputes—on their face they show *only* the hours for which Plaintiff was *paid*, but not the hours that Plaintiff actually *worked*.

9. Indeed, other than just producing the pages, Defendants have failed to give any information or evidence on how they track the number of hours their employees work. Do they use timecards? Do employees track and turn in their own hours? Are the hours recorded by a supervisor? Are the hours recorded by some software system? Clearly, the documents provided, even if they were undisputed, are far from definitive evidence that Plaintiff was paid for all the hours he worked. Moreover, these records lack indicia of reliability to the extent they reflect only whole or rounded hour amounts which strongly suggests that hours were input manually and Defendants were not tracking Plaintiff's actually worktime by the minute.

10. Plaintiff has alleged that he worked more than forty hours per week but that he was not paid proper overtime. Indeed, the records proffered by Defendants show that we was not paid any overtime throughout the entirety of his employment. Plaintiff is not claiming that he wasn't paid anything, just that he wasn't paid overtime. These claims are consistent with documents produced

by Defendants—which do nothing to controvert Plaintiff's claims in this case. At the very least, further discovery is needed to determine whether Defendants have any actual time records, and to determine how many hours Plaintiff worked for which he was not paid.

11. For these reasons, and as set forth fully below, Defendants' frivolous Motion for Sanctions must be DENIED in its entirety, and Defendants should be required to pay Plaintiff's attorney fees incurred in responding thereto.

## **MEMORANDUM OF LAW**

**A.     Applicable Legal Standards**

Sanctions, under Rule 11, are proper ***only*** (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. *Cook-Benjamin v. MHM Corr. Servs.*, 571 F. App'x 944, 948 (11th Cir. 2014) (citing *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)); *see also* Fed. R. Civ. P. 11(b), (c).

A court confronted with a motion for Rule 11 sanctions premised on the alleged frivolity of a claim must first determine whether the party's claims or assertions are objectively frivolous in view of the facts or law; if they are, then the court must determine whether the person who signed the pleadings would have been aware that the claims or assertions were frivolous had he or she made a reasonable inquiry. *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996). An objective standard of reasonableness governs both inquiries. *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998); *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*); *see also Worldwide Primates,* 87 F.3d at 1254 (noting that reasonableness of the inquiry is a fact-based question, dependent on the circumstances of the case at hand).

Defendants, as the parties seeking sanctions, must establish both elements, and the Court must resolve all doubts in Plaintiff's favor. *Pharma Supply, Inc. v. Stein,* No. 14-80374-Civ-Cohn, 2015 WL 11439276, at *1 (S.D. Fla. May 27, 2015) (citing *McMahan Sec. Co. L.P. v. FB Foods, Inc.,* No. 8:04-1791-T-24TGW, 2006 WL 2092643, at *2 (M.D. Fla. July 27, 2006)). If the Court does find both elements present, then it has the discretion to decide whether to impose sanctions and the kind of sanctions it may order. *Thompson,* 610 F.3d at 666; Fed. R. Civ. P. 11(c)(1) ("the court *may* impose an appropriate sanction") (emphasis supplied); Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendment ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation[.]").

A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law. *Worldwide Primates,* 87 F.3d at 1254 (citing *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 694 (11th Cir. 1995)); *see also Davis v. Carl,* 906 F.2d 533, 538 (11th Cir. 1990) (noting that legal claims are objectively frivolous when they ignore clearly established law).

A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by "patently frivolous" evidence. *Davis,* 906 F.2d at 535-37. When, however, the evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed. *Thompson,* 610 F.3d at 665 (Tjoflat, J., concurring) (citing *Davis,* 906 F.2d at 536).

Rule 11 sanctions are appropriate only when an attorney knowingly continues to litigate a matter or an issue after it becomes clear that there is no good faith basis in law or fact for the action or position. The same conduct is proscribed by § 1927. *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir. 1991) (citing *Collins v. Walden,* 834 F.2d 961, 965 (11th Cir. 1987) ("When it becomes

apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest.")).

Furthermore, Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment; *see also FCOA, LLC v. Foremost Title & Escrow Servs.*, No. 17-CIV-23971, 2018 WL 624497, at *2 (S.D. Fla. Jan. 30, 2018) (unpublished) (denying a motion for Rule 11 sanctions because the court found that the defendant's motion for sanctions was an "improper attempt to convert a disagreement over the factual allegations and legal arguments in [the p]laintiff's complaint into a sanctions dispute"); *Bigford v. BESM, Inc.*, No. 12-61215-CIV, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (unpublished) (explaining that Rule 11 is an extraordinary remedy that "should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits" (quoting *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 244 F.R.D. 70, 74 (D. Me. 2007))).

"Rule 11 is not a vehicle for a defendant to test its defenses to a claim. It is a device to sanction plaintiffs who assert claims (or defendants who assert defenses) with no legal or factual basis. Fairly debatable legal contentions are beyond Rule 11's reach. Due to both the gravity of the consequences of a Rule 11 motion and the need to not trivialize conduct that truly merits sanctions, Rule 11 motions should be employed sparingly." *O'Boyle v. Sweetapple*, No. 14-CV-81250-KAM/WM, 2016 WL 9559959, at *4 (S.D. Fla. May 17, 2016).

Finally, such motions are typically resolved only at the end of the case. *See* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (stating that "it is anticipated that in the case of

pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ."); FCOA, 2018 WL 624497, at *3 (stating that "the Eleventh Circuit has found [that] Rule 11 sanctions are ordinarily not determined until the end of a case" (emphasis omitted)).

**B.      Plaintiff Has Sufficiently Pled Coverage under the FLSA.**

As a preliminary matter, Plaintiff notes that in recent years it has become increasingly difficult to accurately gauge what is required to sufficiently plead a claim under the FLSA, and, more specifically, coverage under the FLSA. Indeed, Plaintiff acknowledges the existence of cases which demand that employees "set forth the exact nature" of their employers' business, and explain in detail how that business and the employees' work is connected to interstate commerce, and "provide facts sufficient for the Court to distinguish between goods and materials." *See Villafana v. Our Children's Planet Corp.*, No. CV 15-23432-CIV, 2016 WL 3470013, at *3 (S.D. Fla. Mar. 24, 2016).

Yet, there simultaneously exists numerous cases which hold true to the precept that, to properly allege FLSA coverage, a plaintiff "need not do much." *See, e.g., Gonzalez v. Unidad of Miami Beach, Inc.,* 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA"); *Schlinsky v. Action Video Prods., Inc.,* 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL,* 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (Moore, J.) (FLSA coverage adequately pled by allegations that the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from

across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business).

In consideration of the foregoing, Plaintiff respectfully suggests that case like *Villafana* and others cited by Defendants have steadily departed from the minimal pleading standards required by the Federal Rules of Civil Procedure. In making this assertion, Plaintiff reiterates that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the **reasonable inference** that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). In consideration, then, of this "reasonable inference" guideline, Plaintiff submits that detailed allegations regarding the nature of Defendants' business, Plaintiff's job duties, and specific goods or materials are not necessary where Plaintiff has generally alleged (1) that the annual sales volume requirement has been met, and (2) where two or more employees have engaged in some activity that relates to interstate commerce. *See, e.g., Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1294 (S.D. Fla. 2014) ("The Court finds it reasonable to infer that, [] goods or materials used in Tapas & Tintos moved in interstate commerce before they were delivered to the restaurant"); *Thompson v. Robinson, Inc.*, No. 06-771, 2007 U.S. Dist. LEXIS 68445, at *12 (M.D. Fla. Sept. 15, 2007) (reasonable to infer that varied items delivered to restaurant had moved in interstate commerce).

Such reasonable inferences regarding interstate commerce are further supported in that many courts have suggested that nearly every business that grosses $500,000 is covered under the FLSA. This is because almost every business with two or more employees, regularly "handles" materials that have moved in interstate commerce—much more so today than when the FLSA was enacted or amended in 1974. This is simply attributed to the logical reasoning that the accessibility of commerce today is greater than at any other point in our history. As such, many courts have

made said statements concluding that when the $500,000 prong is met, it is likely that said corporation is an enterprise covered under the FLSA. In *Galdames v. N & D Inv. Corp.*, for example, the court opined as follows:

> It is notable how many courts in the past three-and-a-half decades have concluded that virtually any enterprise that meets the statutory annual gross sales requirement is subject to the FLSA. *See, e.g., Dunlop v. Indust. America Corp.*, 516 F.2d 498, 500-02 (5th Cir. 1975) (referring to the 1961 expansion, and noting "[t]his change extended coverage to businesses with employees engaged in handling or utilizing goods after they had ceased the interstate portion of their movement. This approach reached those nearer the end of the chain of distribution, e. g., retail and service establishments whose businesses were otherwise local in character."); *Archie v. Grand Cent. Partnership, Inc.*, 997 F.Supp. 504, 530 (S.D.N.Y. 1998) ("The bill also adds the word 'or materials' after the word 'goods' to make clear the Congressional intent to include within this additional basis of coverage the handling of goods consumed in the employer's business, as, e.g., the soap used by a laundry. . . . Since 1974, courts facing the issue presented here have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce."); *Dole v. Bishop*, 740 F. Supp. 1221, 1225-26 (S.D. Miss.1990) ("[P]ursuant to a 1974 amendment, . . . in order for an enterprise to be engaged in commerce, it must have employees 'handling, selling, or otherwise working on goods or materials' that have moved in interstate commerce. This amendment adding the words 'or materials' leads to the result that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.") (internal citation and emphasis omitted); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 8:07-cv-2359-T23TGW, 2008 U.S. Dist. LEXIS 23007, 2008 WL 793660, at *1 (M.D. Fla. Mar. 24, 2008) ("[E]nterprise coverage embraces virtually every business whose annual gross volume of sales or business is $500,000 or more").

*Galdames*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008) (collecting cases).

In support of the foregoing, and in addition to other cases cited above, courts within this jurisdiction routinely deny motions to dismiss where plaintiffs have made simple and straightforward allegations regarding unpaid overtime claims and FLSA coverage. *Mitial v. Pepper Snapple Group* is instructive:

> Here, [the plaintiff] has alleged that he was an employee covered by the FLSA who worked for Defendants, that Defendants failed to pay him time-and-a-half wages for his overtime hours, and that Defendant was an enterprise engaged in interstate

> commerce. These allegations are sufficient to give Defendant "fair notice of what the… claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555, and thus are sufficiently pled. The Court rejects Defendants' arguments that additional elements for stating a FLSA claim are required.
>
> In so holding, the Court rejects Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation… under FLSA does not require more." *Secretary of Labor v. Labbe,* 319 F. App'x 761, 764 (11th Cir. 2008). At this stage of the proceeding, no more is required. *Id.; see also Dobbins v. Scriptfleet, Inc.,* No. 11-cv-1923, 2012 WL 601145, *2 (M.D. Fla. Feb. 23, 2012) (denying motion to dismiss while being mindful of the "straightforward" FLSA pleading requirements required by 11th Circuit precedent, *Labbe*); *Spigner v. Lessors, Inc.,* No. 11-cv-420, 2011 WL 1466282, at *2 (M.D. Fla. Apr.18, 2011) (same). To the extent that Defendant seeks Plaintiff's (and potential collective-action members') exact hours, discovery can provide Defendants with such data and the lack of this information is not grounds for dismissal at this initial pleading stage.

*Mitial,* Case No. 11-81172-civ-MARRA (S.D. Fla. June 29, 2012).

*Duarte v. Maldonado Brothers, Inc.* is another example:

> In the Third Amended Complaint, Plaintiffs assert Auto Wax and the Dealer Defendants were enterprises engaged in interstate commerce. Specifically, Plaintiffs allege Defendants had two or more employees, the requisite $500,000 per year in annual gross sales, and regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA. *See* Third Amended Compl. ¶ 2,3. In addition, Plaintiffs allege that they "on a regular and recurrent basis personally handled automotive cleaning, and maintenance products, as well as automobiles originating from outside the state of Florida, as part of their usual job duties. . . ." Third Amended Complaint ¶ 4. Although Plaintiffs' original complaint lacked sufficient allegations regarding enterprise coverage, the Court finds that Plaintiffs have adequately alleged enterprise coverage under the FLSA. *See Leon v. Tapas & Tintos, Inc.,* No. 14-CV-21133, 2014 WL 5032435 *4 (S.D.Fla. Oct. 7, 2014)(holding that where plaintiffs (dishwashers) alleged they handled goods and materials moved in interstate commerce before they were delivered to the restaurant, FLSA enterprise coverage satisfied).

*Duarte,* Case No. 13-80552-CIV-GAYLES (S.D. Fla. December 1, 2014).

And finally, *O'Hara v. Licciardello's Sanitation Services, Inc.*:

> Plaintiffs allege that Defendant was "an organization which sells and and/or markets or transports and/or provides services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum." (Doc. 1, ¶ 6). Plaintiffs further allege that Defendant was an enterprise engaged in commerce or in the production of goods for commerce, and that the Plaintiffs were individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of 29 U.S.C. § § 203(r) and 203(s). (Doc. 1, ¶ 7). With these allegations, Plaintiffs have sufficiently satisfied the [coverage] element of their FLSA claims.

*O'Hara,* Case No. 5:16-cv-272-Oc-34PRL. (M.D. Fla. July 22, 2016).

Consistent with this framework, courts have further maintained that "[a]lthough bare bone allegations are acceptable for 'enterprise' coverage... the most salient element of an 'enterprise' allegation will be the amount of business a defendant does." *Vierra v. Sage Dining Servs., Inc.,* 2010 WL 4867557, at *3 (M.D. Fla. 2010) (quotations omitted). To that end, pleading the annual revenue requirement demands no more than making the affirmative statement that the requirement is satisfied. Judge Scola has explained it well:

> The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. Defendants contend that dismissal is required because Ceant's former counsel "cannot state that [Aventura Limousine] for sure has gross revenues that exceed $500,000 annually." Mot. at 7. Plainly, Ceant need not know for certain, nor prove, that Aventura Limousine has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his. *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 2008 WL 793660, at *2 (M.D.Fla. Mar. 24, 2008) (Merryday, J.) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [] such information") (citation omitted). Here, Ceant has alleged that Aventura Limousine's gross annual revenues meet this threshold on "information and belief," and that is enough. *See Dobbins v. Scriptfleet, Inc.,* 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); *Roberts,* 2010 WL 114001, at *3 (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal); *cf. Vierra v. Sage Dining Servs., Inc.,* 2010 WL 4867557, at *3 (M.D.Fla. Nov. 23, 2010) (Hernandez Covington, J.) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000."). If such allegation is false,

> Aventura Limousine may use the information in its possession to obtain early summary judgment on this issue. *See Roberts,* 2010 WL 114001, at *3 ("These issues, especially the extent of [defendant's] gross sales, are issues more appropriately determined at the summary judgment stage.").

*Ceant v. Aventura Limousine & Transp. Service*, 874 F. Supp. 2d 1373, 1378-79 (S.D. Fla. 2012).

In this context, the facts stated in Plaintiff's Complaint are more than sufficient to place Defendants on notice of Plaintiff's assertion of coverage in this case. Indeed, Defendants themselves are in a better position to have the facts and information which establish that they are subject to coverage under the FLSA. In other words, taking the position that a complaint should be dismissed because it did not describe in detail the nature of an employer's business—of which the employer is clearly aware—does nothing to move the case forward, and serves only to cause unnecessary delay. For these reasons, Defendants' Motion to Dismiss must be **DENIED** in its entirety.

C.   **The Court Has Subject Matter Jurisdiction Over Plaintiff's Claims, and Consideration of Defendants' Motion Under Other Standards Is Premature.**

Even if the Court were to consider the non-pleading evidence submitted by Defendants, dismissal would still not be appropriate under applicable legal standards. As mentioned previously, Defendants have cited Fed. R. Civ. P. 12(b)(1) as the only basis on which they seek dismissal. Rule 12(b)(1) challenges to a court's subject matter jurisdiction come in two forms: facial attacks or factual attacks:

> "Facial attacks" on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

*Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990) (internal alteration, quotation marks, and citations omitted). Given their reliance on an affidavit and financial records to establish

the pertinent facts, Defendants' motion to dismiss factually challenges the Court's subject matter jurisdiction. *See id.*

The arguments Defendants raise here are identical to the arguments rejected in a Middle District of Florida case, *Rodriguez v. Myrmidones LLC*, Case No. 8:14-cv-618-T-24-TBM (M.D. Fla. May 5, 2014). In *Rodriguez*, the defendants filed a 12(b)(1) motion to dismiss, supported by an affidavit, arguing that the court lacked subject matter jurisdiction because Defendants were not an enterprise covered by the FLSA. In ultimately denying the motion to dismiss, the court first addressed the defendants' jurisdictional challenge under Rule 12(b)(1) and then turned to whether dismissal was proper under Rule 12(b)(6) or Rule 56.

First, the *Rodriguez* court found that the defendants' jurisdictional argument was "unavailing in light of the United States Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)." In *Arbaugh*, the Supreme Court held that Title VII's numerosity requirement—that a covered employer must have at least 15 employees—was not a prerequisite to subject matter jurisdiction; rather, it was an element of the Title VII claim. Importantly, since then, courts in the Southern District of Florida have applied the reasoning of *Arbaugh* to find that an employee's FLSA coverage is merely an element of, not a jurisdictional prerequisite to, the employee's FLSA claim. *See Hernandez v. Art Deco Supermarket,* 2013 WL 5532828 (S.D. Fla. Oct. 4, 2013); *Obando v. M & E Inv. Properties, Inc.,* 2011 WL 4387238, at *4 n.2 (S.D. Fla. Sept. 20, 2011). "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiffs need and ability to prove the defendant bound by the federal law asserted as the predicate for relief-a merits-related determination."*Arbaugh,* 546 U.S. at 511.

After rejecting the subject matter jurisdiction argument, the *Rodriguez* court then considered whether dismissal would be appropriate under Rule 12(b)(6) or Rule 56. While

conceding that a 12(b)(1) motion to dismiss can also be considered under 12(b)(6) standards, the court in Rodriguez ultimately deferred to Eleventh Circuit precedent indicating that "the question of a plaintiff's FLSA coverage should be resolved under Rule 56's summary judgment standard." (citing *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 880 (11th Cir. 2008)). From there, *Rodriguez* reasoned that, "[a]t this extremely early stage of the proceedings," it should decline to consider the defendants' motion as one for summary judgment because the plaintiff had no opportunity to conduct discovery on the coverage issue. (citing *Dawkins v. Picolata Produce Farms, Inc.,* 2005 WL 3054054, at *2 (M.D. Fla. Nov. 15, 2005); *Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841, 843 (11th Cir. 1989) ("As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.); *Naeyaert v. E. Coast Pulmonary & Critical Care Assocs., Inc.*, 2010 WL 3942906, at **1-3 (M.D. Fla. Oct. 5, 2010) (denying the defendants' request to consider their Rule 12(b)(1) motion for lack of FLSA coverage under Rule 56 as premature)).

      The same reasoning as was applied in *Rodriguez* is well applied to the case at bar and should lead to the same result. The simple fact of whether Defendants' had more than $500,000 of business done during the applicable time period is merely an element of Plaintiff's claim which has been adequately pled. Defendants' denial of that fact does nothing to deprive this Court of jurisdiction to hear this case. Similarly, the Court's consideration of Defendants' evidence under summary judgment standards would be premature and would preclude Plaintiff from being able to conduct meaningful discovery on the coverage issue—or any other issue in this case. For these reasons, Defendants' Motion to Dismiss must be **<u>DENIED</u>** in its entirety.

Dated July 15, 2024                                  Respectfully submitted,

                                                  /s/ Elvis J. Adan
                                                  Elvis J. Adan, Esq.
                                                  Florida Bar No.: 24223
                                                  GALLARDO LAW OFFICE, P.A.
                                                  8492 SW 8th Street
                                                  Miami, Florida 33144
                                                  Telephone: (305) 261-7000

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jocelyn R. Rocha, Esq.
MOISES | GROSS
999 Ponce de Leon Blvd., Suite 945
Coral Gables, FL 33134
T: (305) 306-3055
F: (305) 907-5319
Primary: service@moisesgross.com
Secondary: jrocha@moisesgross.com
Tertiary: mcerrato@moisesgross.com

                                                  /s/ Elvis J. Adan
                                                  Elvis J. Adan, Esq.
                                                  Florida Bar No.: 24223