UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21433-BLOOM/Elfenbein

**NERYN CASTRO**,

    Plaintiff,

v.

**BM ROOFING LLC.**, and
**BORELY MARTINEZ**

    Defendants.
_____/

## OMNIBUS REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants BM Roofing LLC and Borely Martinez's (collectively "Defendants") Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or in the alternative, Motion for Summary Judgment (the "Motion to Dismiss"), ECF No. [20], and Defendants' First Motion for Sanctions Against Neryn Castro, Elvis J. Adan, Esq., and Gallardo Law Office, P.A. pursuant to Federal Rule of Civil Procedure 11 (the "Motion for Sanctions"), ECF No. [26], (collectively the "Motions"). The Honorable Beth Bloom referred these Motions to me for a Report and Recommendation. *See generally* ECF No. [27]; ECF No. [32]. Having reviewed the Motions, their respective responses and replies, as well as the record and relevant law, I **RECOMMEND** that the Motion to Dismiss be **GRANTED IN PART and DENIED IN PART** and that the Motion for Sanctions be **DENIED**.

**I.    BACKGROUND**

On May 30, 2024, Plaintiff filed his First Amended Complaint, suing Defendants for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

*See* ECF No. [12] at ¶ 1.  In that pleading, Plaintiff alleges that he worked as a laborer for Defendant BM Roofing LLC ("Defendant BM") "from approximately April 5, 2021, to January 13, 2024" and, during that time, he worked approximately 48 hours per week. *Id.* at ¶ 7-8.  Plaintiff claims that, during his employment with Defendants, "he did not receive the lawful one-and-one-half of his regular rate required by the FLSA for overtime hours worked in each work week." *Id.* at ¶ 9.

On these facts, Plaintiff alleges two counts.  The first is for "Wage & Hour Federal Statutory Violation against [Defendant BM.]" *Id.* at ¶¶ 18-24.  With respect to this first count, Plaintiff alleges that "[a]t all times pertinent to [the Amended] Complaint, Defendant [BM] had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and [] Defendant [BM] obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees." *Id.* at ¶ 20.

The second is for "Wage & Hour Federal Statutory Violation against [Defendant] Borely Martinez" ("Defendant Martinez"). *Id.* at ¶¶ 25-29.  In this count, Plaintiff alleges that Defendant Martinez (1) "was, and is now, a corporate officer of corporate Defendant BM[,]" *id.* at ¶ 26; (2) "was an employer of Plaintiff within the meaning of Section 3(d)" of the FLSA, *id.* at ¶ 27; (3) "possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the . . . payment of wages[,]" *id.* at ¶ 28; and (4) "willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States[,]" *id.* at ¶ 29.

**II.     LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309-10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545).

On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A complaint's "well-pled allegations must 'nudge the claims across the line from conceivable to plausible.'" *Hays v. Page Perry, LLC*, 627 F. App'x 892, 896 (11th Cir. 2015) (alterations adopted; quoting *Twombly*, 550 U.S. at 555, 570).

### III. DISCUSSION

As explained below, the Motion to Dismiss should be granted with leave to amend because the First Amended Complaint fails to plausibly allege enterprise coverage under the FLSA. In light of this conclusion, I also recommend that Defendants' Motion for Sanctions be denied because an amendment will likely cure the pleading deficiencies identified in this Report, making the Motion for Sanctions premature.

#### A. <u>**Motion to Dismiss**</u>

Defendants moved to dismiss the First Amended Complaint, arguing that the Court lacks subject-matter jurisdiction over the case, pursuant to Rule 12(b)(1), and that Plaintiff failed to plausibly allege facts establishing an entitlement to relief, pursuant to Rule 12(b)(6). On the jurisdictional front, Defendants argue that Plaintiff failed to establish either enterprise or individual coverage under the FLSA. Specifically, with respect to individual coverage, Defendants argue that "[they] are not an interstate instrumentality and Plaintiff never used interstate telephone, telegraph, mails, nor travel in the day-to-day performance of his duties at BM Roofing." ECF No. [20] at 10. And, with respect to enterprise coverage, Defendants argue that Plaintiff failed to "allege the nature of his employer's business and attempt to connect the work he performs or the 'tools' he uses to interstate commerce as a basis for enterprise coverage." *Id.* at 8.

In his Response, Plaintiff presents the Court with three arguments concerning the Motion to Dismiss. *See generally* ECF No. [28]. First, Plaintiff contends that he has sufficiently alleged coverage under the FLSA. *See id.* at 5-10. It is Plaintiff's position that "to properly allege FLSA coverage, a plaintiff 'need not do much[,]'" *id.* at 5 (quoting *Gonzalez v. Unidad of Miami Beach, Inc.*, No. 11-CV-20649, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011)), and that he has pled sufficient factual matter to allow the Court to draw the reasonable inference that Defendants are

liable for the purported misconduct because he has generally alleged the (1) "annual sales volume requirement" and (2) that "two or more employees have engaged in some activity that relates to interstate commerce[,]" *id.* at 6 (citations omitted).  To support this position, Plaintiff presents the Court with five block quotes taken from five discrete district court decisions decided in this District but does little to apply the quoted language to the unique facts of this case.  *See id.* at 7-10.  Second, Plaintiff argues that the Court cannot consider the attachments to the Motion to Dismiss at this stage of the proceedings.  *See id.* at 10-12.  Finally, Plaintiff argues that weighing the Motion to Dismiss under a summary judgment standard would be inappropriate considering that no discovery has occurred in this case as of yet.  *See id.* at 12-15.

In their Reply, Defendants repeat their argument that Plaintiff failed to sufficiently allege enterprise coverage under the FLSA because he only provides the Court "conclusory allegations, which are mere recitals of the" FLSA.  *See* ECF No. [31] at 5.  Defendants also argue that the Motion to Dismiss should be granted because Defendant never worked any overtime hours.[1]  *See id.* at 6-7.

Before discussing the merits of the Parties' arguments, it is necessary to determine the appropriate standard of review for the Motion to Dismiss.  The Parties propose three options.  First, Defendants argue that applying a Rule 12(b)(1) standard would be appropriate because the FLSA's coverage requirement is jurisdictional.  *See* ECF No. [20] at 4-5; *see also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) ("Attacks on subject matter jurisdiction, which

---

[1] Defendants also seek to strike from the Court's consideration Plaintiff's Response to the Motion to Dismiss as an untimely filing under this District's Local Rules. *See* ECF No. [31] at 2-4.  While Plaintiff initially failed to file his Response within the fourteen-day window provided in the Local Rules, he eventually filed it within the timeframe permitted under Judge Bloom's Order to Show Cause.  *Compare* ECF No. [22] (ordering Plaintiff to "file a response to the Motion, if any, no later than July 3, 2024" (emphasis omitted)), *with* ECF No. [28] (reflecting a filing date of July 3, 2024).  Accordingly, there is no basis to strike Plaintiff's Response.

are governed by Rule 12(b)(1), come in two forms: facial or factual attack." (citation omitted)). Defendants posit that, should the Court weigh the Motion to Dismiss under Rule 12(b)(1), it could "consider matters outside of the pleadings relevant to a factual attack on jurisdiction, including judicially noticed documents." ECF No. [31] at 7 (citation omitted). The second option Defendants present is to analyze the Motion to Dismiss under a Rule 56 summary judgment standard because the Motion's jurisdictional and substantive issues are intertwined. *See* ECF No. [20] at 5. Finally, the Parties do not dispute the applicability of the Rule 12(b)(6) standard. As explained below, analysis of the issues in the Motion to Dismiss is most appropriate under Rule 12(b)(6).

First, applying a Rule 12(b)(1) standard to the issues raised in the Motion to Dismiss would be inappropriate considering that the FLSA's coverage requirement is not a jurisdictional issue. In *Ferrer v. Atlas Piles, LLC*, District Court Judge Joan A. Lenard explained that:

> [t]he Eleventh Circuit has [] not yet decided whether the FLSA's restrictions on enterprise coverage (or individual coverage) are jurisdictional. In *Turcios* [*v. Delicias Hispanas Coprporation*], the Eleventh Circuit declined to address the issue, but observed that the First Circuit has concluded that enterprise coverage is not jurisdictional, based upon the Supreme Court's decision in *Arbaugh v. Y & H* [*Corporation*], 546 U.S. 500 . . . (2006). 275 F. App'x [879,] 882 n.5 (citing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007)). In *Arbaugh*, the Supreme Court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." 546 U.S. at 516 . . . . It appears that virtually every reported decision to have addressed the issue has agreed with the First Circuit's decision in *Chao* and found that under the Supreme Court's reasoning in *Arbaugh*, enterprise (and individual) coverage under the FLSA is not jurisdictional, but rather is an element of an FLSA claim. *See, e.g.*, *Biziko v. Van Horne*, 981 F.3d 418, 419 (5th Cir. 2020); *Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830, 837 (S.D.N.Y. 2020); *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 422 (S.D.N.Y. 2017); *Guereca v. Cordero*, 487 F. Supp. 3d 1138, 1143-44 (D. N.M. 2020); *Luna-Reyes v. RFI Constr., LLC*, 57 F. Supp. 3d 495, 501 (M.D.N.C. 2014); *Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 601 (D. Md. 2014); *Malloy v. Ass'n of State and Territorial Solid Waste Mgmt. Offs.*, 955 F. Supp. 2d 50, 53-54 (D.D.C. 2013); *Williams v. Hooah Sec. Servs., LLC*, 729 F. Supp. 2d 1011, 1013 (W.D. Tenn. 2010); *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 302 (E.D.N.Y. 2009); *Rodriguez*

> [*v. Diego's Rest., Inc.*], 619 F. Supp. 2d [1345,] 1348-49; *see also Velasquez v. Salsas & Beer Rest., Inc.*, 735 F. App'x 807, 809 (4th Cir. 2018).

586 F. Supp. 3d 1286, 1295 (S.D. Fla. 2022) (footnote call number omitted); *see also Malloy*, 955 F. Supp. 2d at 53-54 ("[T]he FLSA provisions addressing enterprise coverage contain no language suggesting that the limitation on coverage is jurisdictional . . . And in the absence of such language, the Court must treat enterprise coverage as a substantive ingredient of the plaintiff's claim rather than a jurisdictional prerequisite to her ability to bring this action.") (citing 29 U.S.C. §§ 207(a)(1), 203(s)(1)(A)).

Numerous judges in this District have likewise concluded that the enterprise and individual coverage requirements of the FLSA are non-jurisdictional and are instead an element of an FLSA claim. *See Hearns v. MEJ Plumbing*, LLC, No. 24-60434-CIV, 2024 WL 3754869, at *3 (S.D. Fla. June 5, 2024) (agreeing "that the FLSA's enterprise or individual coverage requirements are not jurisdictional" (citing *Ferrer*, 586 F. Supp. 3d at 1295)); *Nodell v. Nicky's Rest. Equipment LLC*, No. 22-CV-62164, 2023 WL 185480, at *4 (S.D. Fla. Jan. 13, 2023) (same) (citing *Ferrer*, 586 F. Supp. 3d at 1295); *Marquez v. Suarez*, No. 13-23988-CIV, 2014 WL 12637921, at *1 (S.D. Fla. Aug. 20, 2014) ("As an initial matter, the Court finds that the requirement that a plaintiff establish enterprise coverage, by showing that Defendant grossed more than $500,000 per year, is not jurisdictional, as Defendant contends, but rather an element of a plaintiff's claim for relief."); *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009) ("Nothing in section 216(b) or any other provision of the FLSA indicates that Congress intended that the individual coverage or enterprise coverage restrictions be jurisdictional. Accordingly, the Court must apply the bright line rule articulated in *Arbaugh* and find that individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold."). And, Defendants do not direct the Court to any case law supporting the notion that enterprise or

individual coverage in FLSA cases raises a jurisdictional question.  Having found that enterprise and individual coverage are elements of an FLSA claim and not jurisdictional in nature, analysis of this issue using a factual attack under a Rule 12(b)(1) standard would be inappropriate.[2]

Additionally, converting the Motion to Dismiss into a motion for summary judgment would be improper at this juncture in the litigation.  "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted 'an adequate opportunity to complete discovery prior to consideration of the motion.'" *Ferguson v. DeStefano*, No. 10-CV-80385, 2010 WL 4810825, at *2 (S.D. Fla. Sept. 2, 2010) (quoting *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997)), *report and recommendation adopted*, No. 10-CV-80385, 2010 WL 4814671 (S.D. Fla. Nov. 19, 2010).  This is because Rule 56 "presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1287 (S.D. Fla. 2005); *see also WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) ("summary judgment may only be decided upon an adequate record").  Here, Plaintiff argues that employing a "summary judgment standard[]" at this stage of the litigation "would be premature and would preclude Plaintiff from being able to conduct meaningful discovery on the coverage issue — or any other issue in this case." ECF No. [28] 14-15.  I agree

---

[2] Even if the FLSA's coverage requirement is a jurisdictional issue, case law supports the decision to weigh the Motion to Dismiss under a Rule 12(b)(6) standard because — in that case — the facts necessary to sustain jurisdiction would implicate Plaintiff's cause of action. *See Gonzalez v. Unidad of Miami Beach, Inc.*, No. 11-20649-CIV, 2011 WL 2983671, at *1 (S.D. Fla. July 22, 2011) ("However, when 'the facts necessary to sustain jurisdiction . . . implicate the plaintiff's cause of action,' then 'the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under Rule 12(b)(6)." (alteration in original; citing *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir. 1997))); *see also Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *2 (S.D. Fla. Jan. 11, 2010) ("[D]etermining the existence of individual or enterprise coverage implicates both the Court's jurisdiction and a requisite element of Plaintiff's FLSA claim. The proper course of action, therefore, is for the district court to "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" (quotation and internal citation omitted)).

and, thus, decline to convert the Motion to Dismiss into a motion for summary judgment filed pursuant to Rule 56.[3]

Thus, the appropriate standard of review here is under Rule 12(b)(6), which the Parties, in part, apply and argue in their respective filings.[4] Having made that determination, the Court may not and will not consider the extraneous documents Defendants attach to their Motion to Dismiss when evaluating its merits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims.") (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (per curiam)); *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (explaining that a court's review on a motion to dismiss must be "limited to the four corners of the complaint" and all allegations in the complaint must be accepted as true); *but see Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." (citing Fed. R. Civ. P. 12(b))).

Under the FLSA, employers must pay their employees an overtime wage of one and a half times their regular rate for all hours worked in excess of 40 hours per week. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir.2011); *see also* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees who in any workweek is engaged

---

[3] Even if the Parties had sufficiently developed the record in this case, converting the Motion to Dismiss into a motion for summary judgment would still be improper because "before a district court may convert a motion to dismiss into a motion for summary judgment, it must notify the parties and allow the parties ten days to submit any relevant evidence and arguments in support or opposition to the merits." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997) (citing *Marine Coatings of Alabama, Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir.1986), *rev'd on other grounds*, 932 F.2d 1370 (11th Cir. 1991)). As the Parties have not been provided with such notice or such an opportunity, existing precedent precludes me from converting the Motion to Dismiss into a motion for summary judgment.
[4] The legal standard under Rule 12(b)(6) is explained in Section II above.

in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours[.]"). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298 (citation and footnote call number omitted); *see also* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

"In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. There are two types of coverage under the FLSA: individual and enterprise. *See, e.g.*, *Dunlop v. Indus. America Corp.*, 516 F.2d 498, 500-01 (5th Cir. 1975)[5]; *see also Gaviria v. Maldonado Brothers, Inc.*, No. 13-CV-60321, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) ("[A] plaintiff employee must establish one of two types of coverage under the [FLSA]: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." (citing *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006))). To establish "individual coverage" under the FLSA, a plaintiff must show that he or she was engaged in commerce or in the production of goods for commerce. *See Rivera v. Deer Run Realty & Mgmt., Inc.*, No. 15-CV-79, 2015 WL 4878681,

---

[5] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit stated: "We hold that the decisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." 661 F. 2d 1206, 1207 (11th Cir. 1981).

at *2 (M.D. Fla. Aug. 14, 2015). And to establish "enterprise coverage," a plaintiff must show that the employer is an "enterprise engaged in commerce." *Id.* (quoting 29 U.S.C. § 207(a)(1)).

### 1. *Individual Coverage*

An employee is subject to individual coverage if he is directly and regularly "engaged in" interstate commerce. *Thorne*, 448 F.3d at 1266. As *Thorne* explains, indirect or sporadic involvement in commerce is insufficient:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Id.* at 1267 (citations omitted). In other words, an employee is only "engaged in commerce" if his activities are "so closely related to the movement of commerce that it is for practical purposes a part of it rather than an isolated local activity." *Marshall v. Victoria Transp. Co., Inc.*, 603 F.3d 1122, 1123 (5th Cir. 1979) (citing *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)).

Although Defendants seek to dismiss any claims under a theory of individual coverage, Plaintiff's Response concedes that he "is not claiming individual coverage under the FLSA." ECF No. [28] at 1 n.1. Given Plaintiff's concession that he is only proceeding under a theory of enterprise coverage, it is unnecessary to determine whether the First Amended Complaint adequately states a claim for individual coverage under the FLSA.

### 2. *Enterprise Coverage*

The FLSA covers an enterprise where (1) it "has employees engaged in commerce or in the production of goods for commerce, or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an "annual gross volume of sales made or business done [] not less than $500,000[.]" 29

U.S.C. § 203(s)(1)(A). "To satisfy the first prong, [a] [p]laintiff must demonstrate that, on a regular and recurrent basis, at least two of [the] [d]efendants' employees engaged in commerce or handled goods and material that have been moved in commerce." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (citation omitted); *see also Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce, FLSA coverage extend[s] to all of the enterprise's employees." (citation omitted)). And to satisfy the second prong, the $500,000 threshold need only be generally alleged. *See Vignoli v. Clifton Apts., Inc.*, 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) (citing *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012)).

At first blush, it appears Plaintiff plausibly alleges enterprise coverage because he states that (1) "[i]n performing his work duties for Defendant[s], [he and his coworkers were] given . . . tools to use that had moved through interstate commerce" and (2) "Defendant[s'] annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein[.]" ECF No. [12] at ¶¶ 14, 21; *see id.* at ¶ 20; *see also Moreno v. Ferretti Group of America, LLC*, No. 10–CV–24507, 2011 WL 4499031, at *2 (S.D. Fla. Sept. 27, 2011) (finding the plaintiff sufficiently pled he was engaged in interstate commerce where he alleged the products and materials he used on a constant and continual basis had moved through interstate commerce and were supplied to him by the defendant); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 07-CV-2359, 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [] such information" (citation omitted)).

12

Despite these successes, Plaintiff fails to provide allegations describing the type of work he performed or the nature of Defendants' business. *See generally* ECF No. [12]. Without such allegations, Plaintiff fails to plausibly allege enterprise coverage. *See, e.g.*, *Fernandez v. CheckAlt Eras, Inc.*, No. 20-CV-22746, 2021 WL 7082947, at *4 (S.D. Fla. Jan. 7, 2021) (finding that, to properly allege FLSA enterprise coverage, a complaint must sufficiently allege the nature of the defendant's business, the nature of the plaintiff's work, and the connection between the work and interstate commerce); *DeJean v. HLM Protective Serv., Inc.*, No. 17-CV-61291, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017) ("[A]lthough the Court recognizes that an FLSA plaintiff 'need not do much' to allege enterprise coverage, a plaintiff must provide the 'factual underpinnings' which support his general allegations and legal conclusions[.]" (quoting *Ceant*, 874 F. Supp. 2d at 1378 and *Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349-50 (S.D. Fla. 2015))); *Ceant*, 874 F. Supp. 2d at 1377 (granting motion to dismiss for failure to properly allege enterprise coverage and requiring that the amended complaint set forth allegations describing the nature of the employer's business and plaintiff's job responsibilities, explaining how the business and the plaintiff's work for the company connected to interstate commerce). Consistent with this line of cases, Plaintiff's First Amended Complaint falls short of alleging the existence of enterprise coverage and should be dismissed. Notwithstanding that shortcoming, Plaintiff should be given an opportunity to cure this pleading deficiency in a Second Amended Complaint by including allegations regarding the nature of Defendant BM's business, a description of the type of work Plaintiff did for Defendants, and an explanation as to how the nature of the business and Plaintiff's work connects to interstate commerce.[6]

---

[6] Defendants seek to dismiss the First Amended Complaint *with prejudice*. However, the cases on which Defendants rely permitted the plaintiffs therein an opportunity to amend and properly allege enterprise coverage. *See Ceant*, 874 F. Supp. 2d at 1378 (giving plaintiff the opportunity to amend); *Perez v. Muab,*

B.      **Motion for Sanctions**

With the Motion to Dismiss resolved, I now turn to Defendants' Motion for Sanctions. In their Motion for Sanctions, Defendants explain that Defendant BM is "a South Florida roofing company[] headquartered in Miami, Florida" and that Defendant "Martinez is the principal and owner of [Defendant] BM[.]" ECF No. [26] at 2 (citations omitted). Defendants state that they are "a small, local business that provides roofing services and repairs to customers solely within the State of Florida and limits its service to those customers residing within Miami-Dade, Broward, and Monroe counties." *Id.* (citation omitted). Defendants claim that they "purchase[] all supplies, tools, and materials from local providers in South Florida, and [they] do[] not directly import or purchase anything from outside the State of Florida, or otherwise engage in any production of goods inside or outside the State of Florida." *Id.* (citation omitted). Defendants state that they "provided Plaintiff and his counsel detailed, weekly time records, objectively evidencing that Plaintiff never once worked an hour over forty (40) on any given week during Plaintiff's employment with [Defendant] BM . . . ." *Id.* at 4 (emphasis and citations omitted). Defendants also assert that Plaintiff and his counsel were aware of these facts as well as the law governing FLSA cases, thus rendering the instant action frivolous for purposes of Rule 11 proceedings. *See generally id.*

Plaintiff, for his part, opposes the Motion for Sanctions, arguing two points: First, Plaintiff contends that "Defendants and their counsel have repeatedly displayed a complete misapprehension of enterprise coverage under the FLSA." ECF No. [33] at 2. Second, Plaintiff

---

*Inc.*, No. 10-CV-62441-COHN, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (same); *Rivera v. Deer Run Realty & Mgmt., Inc.*, No. 15-CV-79-ORL-41DAB, 2015 WL 4878681, at *1 (M.D. Fla. Aug. 14, 2015) (same).

argues that "Defendants have improperly conflated pay records with time records[,]" thus failing to establish — as they claim — that Plaintiff never worked over 40 hours in a work week for the period in question. *Id.* at 3 (emphasis added).

Defendants' Reply was due on July 22, 2024. *See* ECF No. [34] at 1. Defendants sought a one-week extension of time to file a Reply. *See id.* Judge Bloom granted Defendants' Motion for Extension of Time, allowing Defendants up to and including July 29, 2024 to submit the filing. *See generally* ECF No. [35]. As of the date of this Report and Recommendation, Defendants have not filed a Reply and the time to do so has passed.[7] The Motion for Sanctions is now ripe for review. For the reasons explained below, I recommend that the Motion for Sanctions be denied.

After notice and reasonable opportunity to respond, Federal Rule of Civil Procedure 11 allows a court to impose "appropriate sanctions" when a party presents to the court a pleading, written motion, or other paper that is not based in fact, is not legally tenable, or is submitted in bad faith for an improper purpose. Fed. R. Civ. P. 11(c); *see Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). "Rule 11 is intended to deter claims with no factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990). Courts cannot impose sanctions where the evidence supporting a plaintiff's claim is reasonable but simply weak or self-serving. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (Tjoflat, J. concurring in part); *see also Lawson v. Sec'y, Dep't of Corr.*, 563 F. App'x 678, 681 (11th Cir. 2014) ("The fact that [a plaintiff] has provided some evidence [of his factual contentions] is

---

[7] Defendants' claim that they have "made every possible attempt to avoid spending unnecessary time and expense in defending this lawsuit" seems somewhat disingenuous. ECF No. [26] at 4. Before the Court could rule on the Motion to Dismiss, Defendants rushed to file the Motion for Sanctions — which was likely drafted at significant cost to Defendants — without considering the possibility that the Motion to Dismiss could be denied.

15

sufficient to establish that Rule 11 sanctions are inappropriate[.]" (emphasis omitted)). Furthermore, Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

The Eleventh Circuit has developed a two-step inquiry for Rule 11 sanctions that examines (1) whether the claims are objectively frivolous and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Assuming the first prong of the inquiry is satisfied, the second test focuses on whether the lawyer should have been aware that the claims were frivolous, "that is, whether he would have been aware [of the claims' frivolity] had he made a reasonable inquiry." *Jones v. Intel Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (citation omitted). The reasonableness of the prefiling inquiry depends "on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law." *Id.* (citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)).

Here, at the time of the First Amended Complaint's filing, Plaintiff and his counsel possessed Plaintiff's pay sheets, showing that Defendant never paid Plaintiff for more than 40 hours of work during any week of his employment with them. *See* ECF No. [26-3] at 1; ECF No. [26-4]. Additionally, before filing the First Amended Complaint, Defendants sent Plaintiff and his counsel a letter, arguing that (1) Plaintiff could not prove enterprise coverage under the FLSA and (2) he was not entitled to relief under the FLSA because he had been fully compensated for all the hours he worked. *See generally* ECF No. [26-5]. However, Plaintiff and his counsel's possession of his pay sheets and their knowledge of Defendants' legal arguments are insufficient to render the instant case objectively frivolous.

As discussed in the preceding section, Plaintiff's enterprise coverage argument is not as weak as Defendants claim. *See* discussion *supra* Part III.A.2. While the First Amended Complaint failed to state a claim for enterprise coverage, this was not because he could not plausibly allege facts establishing either prong of the enterprise coverage analysis. Rather, the First Amended Complaint fails because Plaintiff does not describe the type of work he performed or the nature of Defendants' business. *See id.* Considering that Plaintiff worked with Defendants for nearly three years, he can very likely provide the missing information in an amended pleading to cure the deficiency.

Concerning Defendants' second point, the pay sheets that Defendants provided do not conclusively refute Plaintiff's entitlement to relief under the FLSA. I have independently reviewed the pay sheets attached to the Motion for Sanctions and agree with Defendants that they show that Plaintiff never received more than 40 hours of pay for any week during his employment. *See generally* ECF No. [26-4]. But, as Plaintiff points out, the pay sheets Defendants provide do not rule out the possibility that a disparity exists between the number of hours worked and the number of hours paid. *See* ECF No. [33] at 3. Should such a disparity exist, it would likely come to light during discovery. And in any case, Defendants' argument on this point solely addresses the strength of Plaintiff's claims regarding the merits of the case, which is separate and distinct from whether the claim is objectively frivolous and deserving of sanctions. *See Fees v. Zarco*, No. 17-CV-20564, 2018 WL 1721858, at *1 (S.D. Fla. Jan. 29, 2018).

Finally, Defendants' Motion for Sanctions must be denied because it is premature. As the Eleventh Circuit acknowledges, Rule 11 sanctions are ordinarily determined at the end of a case. *See Donaldson*, 819 F.2d at 1555. The Eleventh Circuit's position is consistent with the Rules Advisory Committee that "anticipated that in the case of pleadings the sanctions issue under Rule

11 normally will be determined at the end of the litigation . . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"). While I agree with Defendants that the Amended Complaint as currently pled cannot withstand a motion to dismiss, Plaintiff's claims may very well survive if properly amended — in which case the instant litigation would continue, making the request for Rule 11 sanctions premature.

For these reasons, I recommend that Defendants' Motion for Sanctions filed pursuant to Rule 11 be denied without prejudice to be renewed at the conclusion of the case, if appropriate.

## IV. CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. Defendants' Motion to Dismiss, **ECF No. [20]**, be **GRANTED IN PART and DENIED IN PART;**

2. Plaintiff's Amended Complaint, **ECF No. [12]**, be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff be given **14 days** to file a Second Amended Complaint that cures the deficiencies identified herein; and

3. Defendants' Motion for Sanctions, **ECF No. [26]**, be **DENIED WITHOUT PREJUDICE**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written

objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers in Miami, Florida on August 20, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record